# United States Court of Appeals

FILED

### For the Eleventh Circuit

2008 SEP 23  PM 12: 53

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

No. 07-14516

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

District Court Docket No.
05-01474-CV-T-17-TGW

Aug 21, 2008

THOMAS K. KAHN
CLERK

TIMOTHY VAN PORTFLIET,

Plaintiff-Appellant,

versus

H&R BLOCK MORTGAGE CORPORATION,

Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

----------------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

----------------------------------------------------------------------

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by
reference, is entered as the judgment of this Court.

ISSUED AS MANDATE

SEP 19 2008

U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:     August 21, 2008
For the Court:  Thomas K. Kahn, Clerk
By:     Gilman, Nancy

[DO NOT PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS
### FOR THE ELEVENTH CIRCUIT

-------------------------------------------

No. 07-14516
Non-Argument Calendar

-------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-01474-CV-T-17-TGW

TIMOTHY VAN PORTFLIET,

Plaintiff-Appellant,

versus

H&R BLOCK MORTGAGE CORPORATION,

Defendant-Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

----------------------------------------------------------------

**(August 21, 2008)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Timothy Van Portfliet appeals the district court's grant

of Defendant-Appellee H&R Block's ("H&R Block") renewed motion for

judgment as a matter of law following the jury's verdict in favor of Plaintiff on his Title VII retaliation claim. No reversible error has been shown; we affirm.

Plaintiff filed suit against H&R Block asserting that H&R Block terminated his employment in retaliation for his complaints that two other employees were subjected to unlawful sexual and racial harassment, in violation of Title VII. Plaintiff specifically reported to H&R Block's human resources department that one of his supervisees, Elizabeth Sylves, approached Plaintiff visibly upset and reported to Plaintiff that Paul LaBarbera, a District Manager to whom Plaintiff reported, had acted inappropriately toward Sylves at a company-sponsored off-premises happy hour that Plaintiff had not attended. Sylves also told Plaintiff that LaBarbera made a "racial slur" to an African-American employee; the content of the comment characterized as a racial slur was not disclosed to Plaintiff. H&R Block's human resources department investigated the incidents brought to their attention by Plaintiff. As a consequence of this investigation, LaBarbera was terminated on 11 May 2005; on 3 June 2005, Plaintiff was terminated by LaBarbera's replacement.

At trial, Plaintiff testified that Sylves was visibly upset the day following the LaBarbera incident and was unable initially to talk to him about it. Sylves told Plaintiff ultimately that LaBarbera "put his arm around her, pulled her in to him,

and said, 'Why do you want to be with a loan officer like that when you can be

with me?'" And Sylves testified,

> What I told Mr. Van Portfliet was is that I was at the
> event and that I thought it was weird that Mr. LaBarbera,
> who was the District Manager, made some what I felt
> was inappropriate comments to me; and what I said was
> is that a friend of mine put his arm around – or he put his
> around me in front of a friend of mine and pointed to my
> friend and said, Why would you want to be with him
> when you can be with me? And what I said to Mr.
> Plaintiff was I felt offended because I'm a married
> woman, and I felt that he was insinuating something that
> – and it hurt my feelings because I'm a happily married
> woman, and that's why I was – felt offended.[1]

Under the "opposition clause," Title VII prohibits an employer from

retaliating against an individual because the individual "opposed any practice

made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-

3(a).[2] To establish a Title VII retaliation claim under the opposition clause, a

---

[1] On cross-examination Sylves denied that she was visibly upset about the LaBarbera incident; she also affirmed that she did not ask Plaintiff to do anything about LaBarbera, she did not want LaBarbera to suffer job consequences, she did not feel like she was being sexually harassed when LaBarbera put his arm around her and made the comment about which she told Plaintiff, and she did not feel that the comment made her working environment hostile or abusive or both. Sylves reiterated that she felt LaBarbera's comment was inappropriate and that it offended her and would have offended her husband. In reviewing the grant of a motion for judgment as a matter of law, we review the evidence and reasonable inferences that may be drawn from that evidence in the light most favorable to the nonmoving party. See Rossbach v. City of Miami, 371 F.3d 1354, 1356 (11th Cir. 2004). Where no legally sufficient evidentiary basis exists upon which a reasonable jury could find for the non-moving party, judgment as a matter of law is due to be granted. Id.

[2] Under the "participation clause," Title II protects an individual who "participated in any manner in an investigation" under Title VII. See 28 U.S.C. § 2000-e-3(a). Plaintiff proceeded under the

3

plaintiff must show, among other things, that he engaged in statutorily protected expression. See Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002). And to satisfy the "statutorily protected expression" requirement, a "plaintiff must show that [he] had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." Id. (quotations and citations omitted).

We have explained that a plaintiff must demonstrate both a subjective belief that his employer engaged in unlawful employment practices, and that such belief was objectively reasonable. See id. at 1312. "It thus is not enough for a plaintiff to allege that his belief in this regard was honest and bona fide; the allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable." Id. The reasonableness of the employee's belief is measured against existing substantive law. See Clover v. Total System Services, Inc., 176 F.3d 1346, 1351 (11th Cir. 1999). No actual unlawfulness is required but the opposed conduct "must be close enough [to unlawful] to support an objectively reasonable belief that it is." Id.

---

opposition clause; the participation clause has no application where an employee participates only in an internal, in-house investigation conducted apart from a formal EEOC charge. See EEOC v. Total Sys. Serv., Inc., 221 F.3d 1171, 1174 (11th Cir. 2000).

plaintiff must show, among other things, that he engaged in statutorily protected expression. See Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002). And to satisfy the "statutorily protected expression" requirement, a "plaintiff must show that [he] had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." Id. (quotations and citations omitted).

We have explained that a plaintiff must demonstrate both a subjective belief that his employer engaged in unlawful employment practices, and that such belief was objectively reasonable. See id. at 1312. "It thus is not enough for a plaintiff to allege that his belief in this regard was honest and bona fide; the allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable." Id. The reasonableness of the employee's belief is measured against existing substantive law. See Clover v. Total System Services, Inc., 176 F.3d 1346, 1351 (11th Cir. 1999). No actual unlawfulness is required but the opposed conduct "must be close enough [to unlawful] to support an objectively reasonable belief that it is." Id.

---

opposition clause; the participation clause has no application where an employee participates only in an internal, in-house investigation conducted apart from a formal EEOC charge. See EEOC v. Total Sys. Serv., Inc., 221 F.3d 1171, 1174 (11th Cir. 2000).

In granting H&R Block's motion for judgment as a matter of law, the lower court concluded that the evidence introduced at trial could support no objectively reasonable belief that actionable sexual harassment had occurred. We agree.

"[S]exual harassment is actionable under Title VII only if it is so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment." Clark County School Dist. v. Breeden, 121 S.Ct. 1508, 1509 (2001) (quotation, citations, and internal markings omitted). Whether an environment is hostile or abusive turns on a review of all the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Systems, Inc., 114 S.Ct. 367, 371 (1993). The Supreme Court has emphasized that "[a] recurring point in [its] opinions is that 'simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" Faragher v. City of Boca Raton, 118 S.Ct. 2275, 2283 (1998) (internal citation omitted).

The isolated incident between LaBarbera and Sylves occurred at a company-related event offsite; it was preceded by and followed by no other offensive conduct.  LaBarbera's comments – albeit arguably suggestive – were not overtly

5

sexual and were not extremely serious; they constituted "simple teasing;" they were "offhand comments" that, standing alone, no reasonable person could have believed violated Title VII.[3] No reasonable person could have found that Plaintiff engaged in statutorily protected conduct when he reported the LaBarbera-Sylves incident. See Clark County, 121 S.Ct. at 1510 (employee can not prevail on retaliation claim where no reasonable person could have believed that the incident constituted sexual harassment violating Title VII).[4]

Plaintiff makes passing reference to his claim that his report of racial harassment constituted protected expression; he offers no argument or citations of authority on this claim. Under our practice, we treat this claim as abandoned. See Flanigan's Enterprises, Inc. v. Fulton County, Ga., 242 F.3d 976, 987 n.16 (11th Cir. 2001) (party waives a claim when the claim is undeveloped in the appellate brief). Furthermore, even assuming the claim is preserved, it is without merit. Sylves's reference to a racial slur made by LaBarbera – the content of which was undisclosed to Plaintiff – provided him with insufficient facts to support an

---

[3]H&R Block makes no argument challenging Plaintiff's subjective beliefs.

[4]Plaintiff relies on Sullivan v. National R.R. Passenger Corp., 170 F.3d 1056 (11th Cir. 1999) for his contention that the single incident about which he complained could support a reasonable belief that sexual harassment had occurred. But in Sullivan we said that no dispute had been raised on the issue of protected expression. 170 F.3d at 1059. Sullivan concluded that a jury's rejection of a plaintiff's sexual harassment claim was not dispositive of the plaintiff's retaliation claim; we proceeded to examine the causality element of the retaliation claim.

objectively reasonable belief that racial harassment had occurred; Plaintiff

engaged in no statutorily protected opposition. See Harris, 114 S.Ct. at 370 (the

mere utterance of an epithet which causes bad feelings is insufficient to implicate

Title VII). And, again, because reporting the undisclosed racial slur failed to

satisfy the statutorily protected expression requirement, that expression can

support no retaliation claim as a matter of law.

    AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

# United States Court of Appeals

Eleventh Circuit

56 Forsyth Street, N.W.

Atlanta, Georgia  30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

September 19, 2008

Sheryl L. Loesch
Clerk, U.S. District Court
801 N FLORIDA AVE RM 220
TAMPA  FL  33602-3849

**Appeal Number: 07-14516-CC**
Case Style: Timothy Van Portfliet v. H&R Block Mortgage Corp.
District Court Number:  05-01474 CV-T-17-TGW

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued
as the mandate of this court.

Also enclosed are the following:

Bill of Costs
    Original Exhibits, consisting of: two envelopes
    Original record on appeal or review, consisting of: nine volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on
the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's
decision, is also being mailed to counsel and pro se parties. A copy of the court's decision
was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)